# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAMON ROGERS, | ) |
| Plaintiff, | ) No. 14 C 8920 |
| v. | ) Judge Jorge L. Alonso |
| OFFICER JAMES POLASKI, #188528, SERGEANT A.J. DAKURAS, #2046, OFFICER DONAL CLARK, II, #7571, and the CITY OF CHICAGO, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to amend his complaint to add another plaintiff, Lachondra Cook, and her 42 U.S.C. § 1983 claim for illegal search and Illinois state-law claim for conspiracy against defendants. Federal Rule of Civil Procedure ("Rule") 15 directs the Court "freely [to] give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave should be denied if, among other reasons, the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it "could not withstand a motion to dismiss." *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985).

Defendants contend that amendment would be futile here because the § 1983 claim plaintiff seeks to assert is time-barred. However, untimeliness is an affirmative defense, *see* Rule 8(c), and "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). "Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.*

Defendants contend that this is such a case because the statute of limitations for § 1983 claims is two years, and the search on which the proposed claim is based occurred on October 11, 2012. *See*

*Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); (Proposed Am. Compl. ¶ 8.) Moreover, defendants argue, the federal discovery rule, which "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers [t]he . . . injur[y]," *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990), does not apply. Whether that is true, however, is a question of fact that cannot be resolved on a motion to dismiss. *See, e.g., Clark v. City of Braidwood*, F.3d 764, 767-68 (7th Cir. 2003) (reversing 12(b)(6) dismissal of § 1983 claim because application of the discovery rule is a fact issue). Because the proposed amended complaint does not conclusively establish that the unlawful search claim is time-barred, the Court grants plaintiff's motion to include that claim in this suit.

The result is the same for the proposed state-law conspiracy claim, which defendants argue is untimely under the Tort Immunity Act. *See* 745 Ill. Comp. Stat. 10/8-101 ("No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."). That may be true, but it is not apparent from the face of the complaint, and thus is not a basis for denying the motion to amend.

## Conclusion

For the reasons set forth above, the Court grants plaintiff's motion to file an amended complaint [18].

**SO ORDERED.**                   **ENTERED: April 16, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**